**Date signed February 28, 2005**



UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| In re | : | |
| **CASSANDRA KEILHOLTZ**, | : | Case No. 03-30677 NVA |
| | | Chapter 13 |
| Debtor. | : | |
| . . . . . . | : | |
| **NANCY SPENCER GRIGSBY**, | : | |
| Plaintiff, | : | |
| v. | : | Adv. Proc. No. 04-1854 |
| **CASSANDRA & RICHARD KEILHOLTZ**, | : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION GRANTING
TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

The above-captioned debtor (the "Debtor") commenced this case on July 28, 2003 (the "Petition Date") by filing a voluntary petition for relief under chapter 13 of the Bankruptcy Code.* Nancy Spencer Grigsby (the "Trustee") was duly appointed chapter

---

\*   Unless otherwise indicated, all section references herein are to the Bankruptcy Code, i.e., the Bankruptcy Reform Act of 1978, as amended, codified in title 11 of the United States Code.

13 trustee.  On June 22, 2004, the Trustee filed a complaint to avoid as fraudulent on creditors an August 24, 2001 transfer by the Debtor (the "Transfer"), to herself and her husband as tenants by the entirety, of title to a property located at 9201A Dublinville Road, Walkersville, Maryland (the "Property").  The Debtor and her husband (the "Defendants") filed their answer to the complaint on August 5, 2004.  On December 20, 2004, the Trustee filed a motion for summary judgment.  On December 27, 2004, the Defendants answered the Trustee's motion and cross-moved for summary judgment.  From a review of the papers, it appears that the material facts are not disputed and that the matter can and should be resolved as a matter of law.

In substance, the Trustee's theory of the case is that, prior to the Transfer, the Property was subject to execution by the Debtor's creditors, but, as a consequence of the Transfer, was rendered exempt from the claims of all but joint creditors of the Defendants.  Under settled principles of Maryland law, such a transfer is deemed fraudulent on creditors (without any need to show fraudulent intent) if, at the time of transfer, the transferor had insufficient other assets to satisfy claims and the transfer had the effect of stripping the transferor of property otherwise available by execution for the satisfaction of such claims.  *See*, *e.g.*, *Lutherville Supply & Equipment Co. v. Dimon*, 232 Md. 195, 192 A.2d 496 (1963); *Pearce v. Micka*, 62 Md. App. 265, 489 A.2d 48 (1985).

The Defendants acknowledge this general rule, but argue it is inapplicable here because, at the time of transfer, the Property was subject to a right of first refusal which rendered it worthless to creditors.  The holder of the right of first refusal is the Debtor's mother, Helen Ramsburg ("Mrs. Ramsburg"), personally and as representative of the estate of her late husband (and the Debtor's father), Staley Ramsburg.  Mrs. Ramsburg is

also a creditor in the case, indeed the largest creditor. The right of first refusal rendered the Property worthless to creditors, the Defendants argue, because it gives Mrs. Ramsburg the option, in the event of a sale of the Property, to interdict the sale by tendering one-third of the Property's then-appraised value. Here, that amount is less than the mortgage on the Property (foreclosure of which, incidentally, is not subject to the right of first refusal). Indeed, the Defendants observe, the Ramsburgs successfully asserted in connection with an attempted judicial sale of the Property by a previous spouse of the Debtor (in the context of a divorce) that the right of first refusal would apply to any such judicial sale. Thus, the Defendants argue, the Transfer was not the fraudulent creation of an exemption, the *sine qua non* of which is prejudice to creditors. *Cf. Spitz v. Williams*, 69 Md. App. 694, 519 A.2d 775 (1987) (husband's transfer of entireties interest to wife not a fraud on husband's individual creditors); *Watterson v. Edgerly*, 40 Md. App. 230, 388 A.2d 934 (1978) (transfer of entireties property to a spendthrift trust was not a fraud on the husband's creditors, even though the parties knew that the wife was terminally ill and that the husband was about to become sole title holder).

      In reply, the Trustee makes two arguments. First, she attaches to her motion a waiver by Mrs. Ramsburg of the right of first refusal for all purposes in the bankruptcy case, including a sale of the Property by a chapter 7 trustee. Therefore, argues the Trustee, creditors were prejudiced by the Transfer. The Defendants respond that this release occurred post-petition, long after the Transfer, and is therefore irrelevant to the bona fides of the Transfer when made. The Court agrees that the execution of the release does not, in effect, retroactively invalidate the Transfer. Second, the Trustee argues that, in any event, Mrs. Ramsburg had standing to object to the Transfer, had timely filed an action

on January 31, 2003 seeking that relief, the action was still pending on the Petition Date and the right of first refusal was waivable by Mrs. Ramsburg in connection with such challenge. This argument is a little different, and in an important way.

It is crucial to notice a distinction in the Trustee's posture in "strong arm" claims under § 544. Under subsection (a), the Trustee stands in the shoes of a hypothetical lien creditor. As to such a creditor, the Defendants' argument has merit. Based on the Ramsburgs' successful assertion of the right of first refusal against the judicial sale requested by the Debtor's ex-spouse, an argument can be made that the Property was effectively immune from execution. (An argument also could be made that the two kinds of sale are different and that the right of first refusal does not apply to an execution; as will be seen momentarily, the Court does not need to resolve this issue in the present case.) If so, the Trustee's claim as hypothetical lien creditor would be similarly limited. Under subsection (b), however, the Trustee does not assert the claims of a hypothetical lien creditor. Rather, she asserts derivatively the avoidance claims of any actual Petition Date creditors and does so for the benefit of all creditors. As the saying goes, the Trustee steps into not only the shoes but the overshoes of the creditor whose avoidance claim she asserts derivatively under § 544(b). *See*, *e.g.*, *In re Agricultural Research & Technology Group, Inc.*, 916 F.2d 528, 534 (9th Cir. 1990) (collecting cases).

The upshot of the foregoing is that it does not matter whether Mrs. Ramsburg is a large or a small creditor, nor whether she has now waived her right of first refusal. (Though, reasonably, the Trustee might have declined to initiate this adversary proceeding without such a waiver.) As of the Petition Date, Mrs. Ramsburg had a claim to avoid the Transfer, to which the Trustee has now succeeded. As the Trustee observes, Mrs.

- 5 -

Ramsburg plainly could have waived the right of first refusal in connection with her own execution to satisfy her claims. It necessarily follows that the Transfer significantly impaired Mrs. Ramsburg's ability to collect those claims and is thus avoidable under *Lutherville* and *Pearce*. From which it further follows that the Trustee, as statutory successor to Mrs. Ramsburg's avoidance claim, is entitled to the same relief.

Accordingly, the Court hereby GRANTS the Trustee's motion for summary judgment. The Trustee is directed to submit a proposed final judgment, on notice to the Defendants, consistent with the instant ruling.

cc:  Chapter 13 Trustee
     Defendants' counsel
     U.S. Trustee

**End of Decision**